**John SNOW, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A-12555.**

Criminal Court of Appeals of Oklahoma.

April 30, 1958.

Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

John Snow, hereinafter referred to as the defendant, was charged by information in the county court of Custer County with the crime of operating a motor vehicle while under the influence of intoxicating liquor. Defendant was found guilty by a jury; jury was unable to agree upon the punishment and left the same to the trial judge who sentenced defendant to a term of 10 days in the county jail and to pay a fine of $50.

From said judgment and sentence the defendant appeals to this court upon two assignments of error. Only one assignment will be discussed herein. The defendant contends that the verdict is not supported by the evidence and that the court erred in overruling defendant's demurrer to the state's evidence.

The testimony revealed the following facts:

On December 5, 1956, about 4 p. m. Mrs. Ray Wardell and her mother, Mrs. R. C. Gibbons, were driving west on a street going through the city of Weatherford on Highway 66, when they discovered a 1948 Nash Rambler car rolling backwards toward them. Mrs. Wardell testified that she had to stop and back up to keep the Nash car from hitting her car. That the Nash car went south across the highway and backed onto the curb. She said she went immediately to the police station, just four blocks from the scene, and reported the incident to Mr. Miller, Chief of Police. She testified that she saw only one man in the Nash car. She described him as being a large, heavy man wearing striped overalls and a felt hat. Within approximately 20 or 30 minutes after the incident occurred, she had occasion to see this same man when he was brought to the police station. In her testimony given at the trial, she identified

the defendant Snow as being the same man she had previously seen that afternoon in the Nash car and whom she had later seen at the police station.

Mrs. Gibbons testified that there was only one man in the Nash car. She identified the defendant as being the man she saw in the car that afternoon, and as the same man she had seen later at the police station that day.

It is to be noted that neither witness placed the defendant under the wheel nor did they attempt to state the car was being driven at the time it was rolling backwards. Their testimony did not establish the commission of a crime.

The Chief of Police who made the arrest testified in substance: That he and Ed Berrong were sitting in a car at the police station when Mrs. Wardell drove up and said a man was down there in a car and either sick or drunk. He and Mr. Berrong immediately drove to the scene. Witness said, "When I got to the car I found John Snow in the car trying to put a clothes pin on some wire. He said he had lost the keys. No, he said somebody was driving the car and taken the keys and he was trying to put a clothes pin on the wire. The wires were pulled out pretty far."

Ed Berrong, Mayor of Weatherford, testified he arrived at the scene with the chief of police, that defendant was sitting in the car and in his opinion was "pretty well intoxicated."

This constituted the state's case and in no event substantiated charges of driving while under the influence. There is a distinct absence of any testimony that the defendant was ever driving the car. The evidence is not sufficient to prove a crime other than public drunk. The defendant took the stand as a witness in his own behalf and related the following story:

"Well, I deal in used cars, and I had two cars I wanted to take to Oklahoma City. I wanted somebody to drive this Nash Rambler over there to a lot that belongs to my boy. He wanted it over there and I had been want-ing somebody to drive it over. I went to the fruit market and picked up a hitchhiker. He told me he had been in Elk City, Oklahoma, and wanted to go to Oklahoma City. I asked him about driving the car, asked about his driver's license and he said he had one and pulled out an Oklahoma license and showed me. * * * We went back to my place and he got in the Nash. I said, 'We'll go get something to eat' and we drove out to a beer joint and cafe east of town. I drank three cans of beer and taken a drink of whisky. Stayed three-quarters of an hour and started back. * * * He drove out there and back. We started back home and I said that we'd better wait until morning and go. It was getting late then, about 4:00 or 5:00 o'clock and I said, 'We'll go down home and stay over night and go in the morning.' He said, 'You are not going anywhere.' He pulled the keys out, got, threw the keys away and left me sitting there. When he got out I hollered and hollered at him."

"Defendant said the car rolled backward in the street, just like the women testified; that the street slopes east there. He further stated, "I got under the dash and tried to wire it up. I had the wires out of the switch and a clothes pin and was sitting there trying to clamp it on when the police walked up. I told him a guy got out and threw the keys away. He said, 'Ain't you drunk?' I said, 'Not too drunk.' * * * ! Yeah, he told me to go ahead and I went ahead and wired the car where it would start. He started the car and drove it to the police station. I thought he was going to take the car and me home and he turned in at the police station."

The court herein is not allowed to speculate as to whether the testimony presents a unique story or an ingenious defense but in either event, the testimony is wholly insufficient to prove the offense charged in

the information. The circumstances as related by all parties substantiate the defendant's testimony and in the absence of any testimony that the defendant was driving the vehicle, we must apply the law in conformity with the evidence. Under our code of procedure, it is made the duty of the trial judge to direct a verdict for the defendant when he deems the evidence insufficient to substantiate the charges. 22 O.S.A. § 847.

In the instant case the defendant presented his demurrer at the conclusion of the state's case. In the opinion of this court the trial judge should have sustained the demurrer to the extent of advising the jury to acquit the defendant. The evidence on the part of the state having failed to show the commission of the offense charged, it follows that error was committed in not sustaining the demurrer thereto and advising the jury to acquit.

For that reason the judgment of the lower court is reversed.

BRETT, P. J., and POWELL, J., concur.

BRETT, Presiding Judge.

I concur herein for the reason the state's evidence, at no time, places the defendant under the wheel in control of the motor vehicle in question, and for the further reason the defendant's testimony relative to his being on the right side of the driver's seat is uncontroverted and to the contrary is corroborated by uncontradicted proof that another person was seen driving the automobile in question a short time before the alleged offense was supposed to have been committed. Under this record, the evidence is insufficient to support a conviction beyond a reasonable doubt.